UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER,

    *Plaintiff*,                           CASE NO. 2:19-cv-12419
                                                    DISTRICT JUDGE DAVID M. LAWSON
v.                                                MAGISTRATE JUDGE PATRICIA T. MORRIS

TIFFANY KISOR,
PURDY,

    *Defendants*.
_____/

## REPORT AND RECOMMENDATION TO *SUA SPONTE* DISMISS COMPLAINT UNDER 28 U.S.C. § 1915

**I.    Recommendation**

*Pro se* Plaintiff Alvin D. Frazier filed this prisoner civil rights complaint on August 16, 2019. (ECF No. 1.) He proceeds *in forma pauperis*, subjecting his complaint to screening under 28 U.S.C. § 1915. (ECF No. 14.) This is not the first time Frazier has made the present claims against Defendants Kisor and Purdy: they also appeared, and were dismissed from, a pending case before this Court. (*Frazier v. Colthfelt*, Case No. 2:19-10389.) Because many of the present claims are duplicative of those dismissed in the early-filed action they are barred by *res judicata*. His new allegations fail to state claims entitling him to relief. Consequently, I **RECOMMEND** that the case be **DISMISSED**.

## II.     Report

### A.     Factual and Procedural Background

Frazier's complaint states that he was refused a job assignment after being found guilty on an assault misconduct ticket, but that a white inmate who had assaulted him was assigned a job despite a similar conviction. (ECF No. 1, PageID.3, 5.) In addition, kitchen workers in the "dish tank were white and made repeated racist remarks," but this was "ignored." (*Id.* at 5.)

Frazier states that Purdy "assigns jobs" and "was giv[en] the O.K. by [Defendant] Kisor to . . . not give Plaintiff jobs." (*Id*. at PageID.3.) When, in August 2019, Frazier told Kisor that he still did not have a job, she referred to his assault conviction and glared at him "with distast[e] and evil eyes." (*Id*. at 5.)

In addition to these charges, Frazier asserts that a cadre of unnamed "bad players" at Cotton Correctional Facility ("JCF") were "working in concert" with Purdy and Kisor to harass him in retaliation for his prior lawsuit, Case Number 19-10389. (*Id*.) These unnamed JCF officials orchestrated attacks on Frazier by other inmates and sought to stymie his success in college classes. (*Id*.) Finally, Frazier contends that he has been rudely gestured to by "JCF officials and prisoners he feels have been 'egged on' by JCF officials," and that his religious beliefs have also made him the target for unspecified mistreatment. (*Id*.)

Frazier's previously filed case, No. 19-10389, raised numerous claims beyond the discrimination allegations that are the focus of the instant case. However, on that issue, significant overlap exists between this case and the prior one. In the relevant amended

complaint from the earlier case, Plaintiff alleged that Kisor "engaged with officer unknown Detloff, in his actions to violate policy, then plaintiff rights [*sic*]." (Case No. 19-10389, ECF No. 16, PageID.165.) How she engaged with Detloff was not stated. Plaintiff then noted that Plaintiff was "separated from his victims [*sic*] family member" after bringing the situation to the attention of Kisor and a counselor. (*Id.*) Plaintiff also wrote that Purdy ignored him and discriminated against him on the basis of race, treating him differently than "other inmates of her own race/kind." (*Id.*, PageID.172-173.) This was somehow related to his loss of his assigned job in the kitchen. (*Id.*, PageID.170-171.) Kisor also treated Plaintiff's white attacker differently than Plaintiff. (*Id.*, PageID.173-174.)

Plaintiff's claims against Purdy and Kisor in the prior case were dismissed. *Frazier v. Colthfelt*, 2020 WL 905746 (E.D. Mich. Feb. 25, 2020). The Court explained that Kisor could not be held liable under a *respondeat superior*, that Kisor did not deprive plaintiff of due process regarding misconduct proceedings, that Kisor did not violate any constitutional rights through verbal harassment or gossip, and that Purdy did not violate any constitutional rights in job assignment decisions. *Frazier v. Lindsey*, 2019 WL 2996170, at *3, 5-6 (E.D. Mich. July 8, 2019).

### B. Legal Standards

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. See *Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have

equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to sua sponte review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Sixth Circuit has upheld *sua sponte* dismissals of claims as frivolous under § 1915(e) when those claims were barred by *res judicata*. *See Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) ("The § 1915(e) dismissals of Hill's two earlier IFP complaints have res judicata effect and establish that Hill's third IFP complaint is frivolous for purposes of § 1915(e)."). Alternatively, this District has dismissed claims under § 1915(e) for failure to state a claim when *res judicata* precluded the claims. *See Molman v. Deutsche Bank Nat'l Trust Co.*, 2017 WL 67459, at *2 (E.D. Mich. Jan. 6, 2017) ("When a complaint is barred by *res judicata*, it lacks an arguable basis either in law or in fact. . . . Accordingly, *res judicata* is cause for dismissal based on failure to state a claim pursuant to 20 U.S.C. § 1915(e).").

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

C. **Application**

To the extent that Plaintiff's present contentions concerning discrimination merely duplicate the dismissed claims from the earlier case, they are barred by *res judicata*, which represents "a rule of fundamental and substantial justice" seeking to provide a clear and binding end to litigation. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (*quoting Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)). It encompasses two related concepts: true *res judicata*, or claim preclusion, and collateral estoppel, also called issue preclusion. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 745 n. 4 (6th Cir.2002). Put simply, the difference between the two is that "[t]he former precludes entire claims, the latter relitigation of specific issues." *Miller v. Runyon*, 77 F.3d 189, 194 (7th Cir.1996). When a federal court made the prior judgment, federal law determines the judgment's preclusive effect. *Blonder–Tongue Laboratories, Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 n. 12 (1971); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.1996).

Once a court renders a valid and final judgment on an action, claim preclusion bars the parties from later relitigating any claims that were actually litigated or that could have been raised in the earlier action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *J.Z.G.*

*Resources*, 84 F.3d at 214; 18 Wright & Miller, *Federal Practice and Procedure* § 4407 (3d ed. 1998). It applies if four elements are met:

> (1) where the prior decision was a final decision on the merits; (2) where the present action is between the same parties or their privies as those to the prior action; (3) where the claim in a present action should have been litigated in the prior action; and (4) where an identity exists between the prior and present actions.

*Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The first element can be satisfied by numerous types of case resolutions; relevant here, *sua sponte* dismissal under 28 U.S.C. § 1915(e) constitutes a final decision on the merits. *See Hill*, 9 F. App'x at 321.

Plaintiff's present claims meet all four elements. First, the prior *sua sponte* dismissal of the claims against Kisor and Purdy for failure to state a claim represents a final decision on the merits. *See Hill*, 9 F. App'x at 321; *Molman*, 2017 WL 67459, at *2. Second, the cases involve the same plaintiff and the same two defendants.

Third, Plaintiff raised or should have raised these claims in the first action. The claims against them involved racial discrimination and, though murky, apparently related to his job assignment. Those factual and legal issues are at the heart of his present complaint. (Case No. 19-10389, ECF No. 16, PageID.170-174.) In both, as well, he offered vague and (it was determined in the first case) legally insufficient allegations that he was being verbally harassed. *Frazier*, 2019 WL 2996170, at *3; (ECF No., PageID.5).

One difference between the complaints is that he now suggests that Purdy and Kisor signed off on denying him job assignments. (ECF No. 1, PageID.3, 5.) This contention and any claims arising from it should have been raised in his earlier complaint, which as noted involved the same parties and the same underlying events. The new allegation is intimately

- 6 -

tied to his claims in the earlier case, as it attempts to better recount the defendants' role in the events chronicled in the prior complaint. And he had ample opportunity to include this information in that prior case, as he was able to submit multiple amended complaints. The most recent, his second, was filed in July 2019, (Case No. 19-10389, ECF No. 16), just a month before he submitted his complaint in the present case. There is no indication that he was prevented from learning the newly-included information until after he submitted his second amended complaint in the earlier case. Even if he were, nothing prevented him from submitting another motion for leave to amend in that case. Consequently, the claims against defendants were encompassed in the earlier complaint and any new factual details (or possible additional claims arising from those details) should have been included in the earlier complaint.

Finally, although none of his complaints clearly articulates the legal bases for relief, the causes of action against defendants each seeks relief for the same underlying series of events and injuries. Consequently, they involve the same basic actions. *See generally Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir.1978) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit.").

For these reasons, I suggest that Plaintiffs present claims against defendants concerning discrimination are precluded by the earlier dismissal of nearly identical claims.

The basis for dismissing his other claims—to the extent he attempts to make them—is for failing to state a claim. 28 U.S.C. § 1915(e). He contends that Purdy and Kisor joined with others to harass him in relation to the filing of his prior complaint. (ECF No. 1,

PageID.5.) Obviously, this was not a claim he could have brought in that earlier case. To make out a claim for unlawful retaliation under the First Amendment, three elements are necessary:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[C]onclusory allegations of a retaliatory motive unsupported by material facts are insufficient to state a retaliation claim," and "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Frazier*, 2019 WL 2996170, at *4.

In the present case, Plaintiff has not offered any material facts concerning this harassment. He simply asserts that Kisor and Prudy are working with other unnamed prison staff to harass him. (ECF No. 1, PageID.5.) He does not say what Kisor or Prudy have done or how it constitutes harassment, and he offers only the bare fact that he filed the earlier complaint as the source of their motivation. While he notes other harassment he received, including being set up for attacks by other inmates and failure in his college courses, he does not connect Kisor or Prudy to these events. (*Id.*) And there are no allegations concerning the temporal proximity between the filing of his earlier complaint and the adverse actions. Consequently, Plaintiff has offered insufficient allegations to show that Kisor or Prudy retaliated against him due to his engagement in protected conduct. Plaintiff's complaint also fails because it does not assert facts that plausibly demonstrate retaliatory motivation. For these reasons, Plaintiff's retaliation claim should be dismissed.

Finally, at the end of his complaint, Plaintiff makes two brief assertions. First, he states that "JCF officials" and prisoners have been rudely gesturing at him. (ECF No. 1, PageID.5.) Plaintiff does not connect Prudy or Kisor to this behavior, and thus has not made a claim against them. And, in any case, harassment of this sort constitutes neither an Eighth nor a First Amendment violation. *See Frazier*, 2019 WL 2996170, at *3; *Nettles v. Smoker*, 2014 WL 769436, at *4 (W.D. Mich. Feb. 26, 2014).

Second, he asserts that he has been subjected to "egregious actions and ill mistreatments . . . because of his open stated Christian beliefs." (ECF No. 1, PageID.5.) To assert a violation of the First Amendment's Free Exercise clause, a plaintiff must "allege a burden on his religious practice that endured at least to some extent as a result of the wrongful conduct." *Burley v. Abdellatif*, 2018 WL 3300315, at *10 (E.D. Mich. Jan. 26, 2018). Plaintiff offers only the conclusory assertion that his rights have been burdened. He does not specify any of the "egregious actions and ill mistreatments" he claims to have suffered. (ECF No. 1, PageID.5.) Nor has he made any factual allegation that would link any burden on his rights to Kisor's or Prudy's actions. Consequently, Plaintiff has failed to make out a claim against the defendants.

### D. Conclusion

For the reasons above, I **RECOMMEND DISMISSING** the complaint.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may

respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 24, 2020                              S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge

- 11 -

## **CERTIFICATION**

      I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Alvin D. Frazier #379628 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: March 24, 2020

                                                         By s/ Kristen Castaneda
                                                         Case Manager