UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN D. FRAZIER,

        Plaintiff,                              Case Number: 19-12419
                                                        Honorable David M. Lawson
v.                                                   Magistrate Judge Patricia T. Morris

TIFFANY KISOR and MS. PURDY,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING COMPLAINT

    Plaintiff Alvin Dwayne Frazier is a Michigan prisoner serving a sentence for murder and a firearm offense. He filed a complaint in this case under 42 U.S.C. § 1983 against two corrections officials, whom he had sued in an earlier case, alleging racial and religious discrimination and included a new claim for retaliation in violation of the First Amendment. The case was referred to Magistrate Judge Patricia T. Morris to conduct pretrial proceedings. Judge Morris screened the case as was required by the Prison Litigation Reform Act and filed a report recommending that this case be dismissed. The plaintiff filed objections and the matter is before the Court for fresh review. Because the plaintiff raised similar claims in a previous lawsuit against the defendants and his complaint otherwise fails to state a cognizable claim, the Court will adopt the recommendation and dismiss the case.

I.

    Frazier is a Michigan prisoner confined at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility in Jackson, Michigan. He filed the present lawsuit on August 16, 2019 against deputy warden Tiffany Kisor and corrections official "Ms.

Purdy," alleging that (1) he was denied a job opportunity because of an assault misconduct ticket he received after fighting another inmate; (2) racist remarks were directed at him (although it is unclear by whom), which were later ignored by the administration; (3) defendant Purdy was in charge of delegating work assignments and instructed defendant Kisor to not assign jobs to the plaintiff; and (4) the plaintiff was the victim of several physical attacks from other inmates, allegedly coordinated by the defendants, that were intended to inhibit his performance in college classes. Frazier alleged that he was discriminated against due to his past criminal convictions, his race, and his religious practice. He also alleged that the defendants embarked on a "campaign[] of harassment[]" against him in retaliation for his decision to file a previous lawsuit.

Frazier had filed the previously referenced lawsuit on February 7, 2019, against 35 MDOC employees, including the two defendants in this case. The Court partially dismissed the complaint with prejudice on July 8, 2019, because Frazier failed to prove personal involvement for all but two other named defendants. The dismissal included Frazier's claims against defendants Unknown Purdy and Tiffany Kisor. *Frazier v. Lindsey*, No. 19-10389, 2019 WL 2996170 (E.D. Mich. July 8, 2019).

Magistrate Judge Morris screened the case and issued a report recommending that the Court dismiss Frazier's complaint because his racial discrimination claims against both defendants are barred by *res judicata*, and he failed to state a claim for which relief can be granted as to his other allegations.

Frazier raised four objections to the recommendation.

## II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations

to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

The plaintiff has been granted pauper status at his request, and the initial payment of filing fees has been waived. When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit. The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does require not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*,

550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, the plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, the plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

A.

In his first objection, Frazier generally disagrees that his claim is barred by *res judicata*. He believes that his current claim arises out of conduct that is distinct from that raised in his initial claim, and that it would be "judicial abuse" for the Court to dismiss his claim.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "It discourages multiple lawsuits directed toward the same alleged wrong." *Larry v. Powerski*, 148 F. Supp. 3d 584, 593 (E.D. Mich. 2015). The doctrine embraces two separate concepts — claim preclusion and issue preclusion. "Claim preclusion, or true res judicata, refers to [the] effect of a prior judgment in foreclosing a subsequent claim that has never been litigated, because of a determination that it should have been advanced in an earlier action. Issue preclusion, [or collateral estoppel,] on the other hand, refers to the

foreclosure of an issue previously litigated." *Mitchell v. Chapman*, 343 F.3d 811, 819 n. 5 (6th Cir. 2003).

The Court's dismissal of Frazier's initial discrimination claims against defendants Kisor and Purdy in *Frazier v. Lindsey*, No. 19-10389, 2019 WL 2996170, at *6, constituted a final decision on the merits as to those defendants. *See Hill v. Elting*, 9 F. App'x 321, 321 (6th Cir. 2001) ("The § 1915(e) dismissals of [the plaintiff's] two earlier IFP complaints have res judicata effect"); *Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 776-77 (6th Cir. 2009) ("By its plain language, an involuntary dismissal under Federal Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect."). As Frazier concedes, he previously sued the named defendants in this case. Objections, ECF No. 19, PageID.96 ("I state true that the same two defendants involved in my prior case No. [19-10389] is involved in this action [sic]."). Frazier raised or should have raised the claims in this case in the first action. Those claims here and previously involved alleged racial discrimination that apparently related to his job assignment. The difference in the two cases, which is immaterial to the present analysis, is that in the prior action, Frazier attempted to hold the defendants liable on a *respondeat superior* theory, but now he contends that Purdy and Kisor signed off on denying his favorable job assignment. Frazier's new allegation is fundamentally related to the allegations in the earlier case, and it appears that he is trying to make a second attempt at recounting the defendants' role in the events underlying the previous complaint. Frazier filed his second amended complaint in the prior action on July 11, 2019, which was just one month before he filed the complaint now before the Court (August 16, 2019). He did not allege, nor is there any indication, that Frazier was prevented from learning the newly-included information until after he submitted his second amended complaint in the prior action. And even if he was, he could have filed another motion for leave to amend his complaint

-6-

in the first case. Frazier's claims against Purdy and Kisor were encompassed in the earlier action, and any new details, or claims related to those details, should have been included in the earlier complaint. Lastly, and as explained above, an "identity exists between the prior and present actions." *Mitchell*, 343 F.3d at 819. Although none of Frazier's complaints clearly articulate the legal bases for relief, the causes of action seek relief for the same underlying series of events and injuries. Therefore, they involve the same basic actions. *See Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit.").

Frazier disputes Judge Morris's statement that he raised or should have raised his new allegations against Purdy and Kisor in the first lawsuit because the developments occurred sometime after the conclusion of the previous case and the initiation of this action. However, he does not state when the new developments occurred, and as stated above, only one month elapsed between his second amended complaint, filed on July 11, 2019.

The first objection will be overruled.

B.

Frazier disagrees with Judge Morris's conclusion that his present claims are "intimately tied to his claims in the earlier case," but his reasoning is not clearly stated. From what can be gathered, Frazier contends that his claim in this case is distinct from his initial claim because he is "intimately in engaged conflict with some government official whom [he] fear[s] to name publicly because doing so may put [him] and [his] family members [ . . . ] in danger[]." Objections, ECF No. 19, PageID.98. He has not explained how his conflict with another unnamed government official has any bearing on whether his job discrimination claims against Purdy and Kisor relate to the claims he previously raised.

Frazier argues that Purdy and Kisor engaged in racial discrimination entirely separate from the allegations discussed in the previous action, and he requests leave to supplement his complaint. Objections, ECF No. 19, PageID.98 ("I understand things may sound vague but let me talk to a Judge and present some other inmates notarized Affidavit on my behalf in form of a declaration [sic]."). Once again, however, Frazier has not explained what else he could say that would establish that his "new" claims would be distinct from his main gripe about the loss of prison job opportunities.

The second objection will be overruled.

C.

Frazier begins his next objection by conceding that he previously sued the named defendants in this action but maintains that they violated his constitutional rights by other conduct when prison staff confiscated his typewriter, which he used for his college course work, in retaliation for filing the prior action. He never mentioned that fact in his complaint, however. A prisoner cannot materially alter his complaint in his objections to a magistrate judge's screening report; he must seek leave to amend the complaint. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483-84 (6th Cir. 2020) ("If plaintiffs . . . need to supplement their complaint . . . they have a readily available tool: a motion to amend the complaint under Rule 15. *See* Fed. R. Civ. P. 15(a). Plaintiffs cannot . . . ask the court to consider new allegations (or evidence) not contained in the complaint.").

Moreover, Frazier did not connect the confiscation of his typewriter to any of the named defendants in this action. Even if his typewriter's confiscation could constitute unconstitutional retaliation for engaging in protected conduct, Frazier does not attribute any conduct of defendants Purdy or Kisor to the allegation. When recounting this alleged violation, Frazier refers to an

"SGT.," an "unknown officer" and "officer Trotta," none of whom are the defendants named in this action. Frazier failed to state a retaliation claim upon which relief can be granted.

Frazier implies in his complaint that he is suffering from retaliation for filing previous lawsuits. To state a claim for unlawful retaliation under the First Amendment, a plaintiff must plead facts establishing three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). The complaint does not contain facts that shed any meaningful light on the alleged harassment. Frazier simply asserts that Kisor and Purdy were working with other prison staff to harass him. Compl., ECF No. 1, PageID.5. Frazier's complaint does not state what the defendants have done to harass him or how their behavior constitutes harassment. He alleges only that his filing of the earlier action before this Court was the source of the defendants' retaliatory motive. He does allege that he was subjected to "numerous unwanted gestures" and that prison staff encouraged other inmates to attack him and prevented his success in college courses by moving him frequently. But he never connects Kisor or Purdy to these events. Aside from asserting that these incidents had a "Causal Connection" to his decision to sue MDOC employees, he did not allege any facts to back up that conclusion, such as the timing of these events, making it difficult to establish a temporal proximity between the filing of his earlier complaint and the adverse actions.

Even if Frazier could connect Purdy and Kisor to the alleged harassment and demonstrated a retaliatory motive, harassment of this sort constitutes neither an Eighth nor a First Amendment violation. *See Frazier*, 2019 WL 2996170, at *3 (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th

Cir. 1987) ("Verbal harassment, although unprofessional and reprehensible, does not constitute a constitutional violation.")).

Second, like his original retaliation claim, Frazier did not connect the confiscation of his typewriter to any of the named defendants in this action. Even though his typewriter's confiscation may constitute unconstitutional retaliation for engaging in protected conduct, Frazier does not connect Purdy or Kisor to the allegation. When recounting this alleged violation, Frazier refers to an "SGT.," an "unknown officer" and "officer Trotta," none of whom are the defendants named in this action. Objections, ECF No. 19, PageID.96.

Frazier's third objection will be overruled.

D.

Finally, Frazier objects to the magistrate judge's conclusion that he failed to state a religious discrimination or free exercise cause of action. At the end of his complaint, Frazier alleged that he has been subjected to "egregious actions and ill mistreatments . . . because of his open stated Christian beliefs" about "transgender and intersex prisoners['] rights." Compl., ECF No. 1, PageID.5. He did not state any facts elaborating on those conclusory allegations.

The First Amendment, made applicable to the States through the Fourteenth Amendment, *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940), states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." "[The] purpose [of the Free Exercise Clause] is to secure religious liberty in the individual by prohibiting any invasions thereof by civil authority. Hence it is necessary in a free exercise case for one to show the coercive effect of the enactment as it operates against him in the practice of his religions." *Sch. Dist. of Abington v. Schempp*, 374 U.S. 203, 223 (1963); *see also Mozert v. Hawkins Cnty. Bd. of Educ.*, 827 F.2d 1058, 1066 (6th Cir. 1987) (stating that "[i]t is clear that governmental compulsion

either to do or refrain from doing an act forbidden or required by one's religion, or to affirm or disavow a belief forbidden or required by one's religion, is the evil prohibited by the Free Exercise Clause.").

Frazier provided a conclusory assertion that his rights have been burdened, but he did not specify any of the "egregious actions and ill mistreatments" that he claimed to have suffered. Frazier did not connect these allegations to the defendants, and he failed to explain how the "egregious actions and ill mistreatments" compelled him "to do or refrain from doing an act forbidden or required by [his] religion, or to affirm or disavow a belief forbidden or required by" his faith. *Mozert*, 827 F.2d at 1066; *see also Burley v. Abdellatif*, 2018 WL 3300315, at *10 (E.D. Mich. Jan. 26, 2018) (stating that "a plaintiff asserting a free exercise claim must allege a burden on his religious practice that endured at least to some extent as a result of the wrongful conduct") (citing *Cancel v. Mazzuca*, 205 F. Supp. 2d 128, 142 (S.D.N.Y. 2002)).

Frazier failed to state a claim for a violation of his First Amendment right to the free exercise of his religion, and his fourth objection will be overruled.

### III.

The magistrate judge correctly applied the governing law and properly concluded that the plaintiff's complaint is frivolous and fails to state a claim upon which relief can be granted. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 17) is **ADOPTED**, and the plaintiff's objections (EFC No. 19) are **OVERRULED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the motion to appoint counsel (ECF No. 21) is **DENIED as moot**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   August 5, 2021